**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS PEREZ-HERNANDEZ,

Defendant-Appellant.

No. 04-2233

(D. New Mexico)

(D.C. No. CR-04-974-RB)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On May 20, 2004, Mr. Perez-Hernandez was indicted on one count of illegal reentry into the United States after deportation and conviction for an

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (2), and (b)(2). On June 8, 2004, Mr. Perez-Hernandez pleaded guilty to the indictment without a plea agreement. On August 20, 2004, the district court sentenced Mr. Perez-Hernandez to 57 months of imprisonment. Mr. Perez-Hernandez now appeals his sentence, contending the district court erred in applying an enhancement for his prior conviction for an aggravated felony. He claims that enhancements for prior convictions must be based on facts found by a jury, as required under *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (Jun. 24, 2004) and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (Jan. 12, 2005). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm Mr. Perez-Hernandez's conviction and sentence.

## I. BACKGROUND

Mr. Perez-Hernandez was arrested on Mach 29, 2004 and charged with illegally reentering the United States after having been deported. He had been deported to Mexico on April 21, 2001, after his convictions in Forsyth County, Georgia for possession with intent to distribute methamphetamine and possession with intent to distribute marijuana. He received a sentence of ten years for the state convictions; after he served two years in prison he was placed on probation for the remaining eight years.

According to the presentence report, Mr. Perez-Hernandez's base offense level was 8, pursuant to United States Sentencing Guidelines Manual § 2L1.2(a). The probation officer recommended that Mr. Perez-Hernandez receive a 16-level upward adjustment pursuant to USSG §2L1.2(b)(1)(A)(ii) because he had the two prior drug convictions in Georgia and had served a prison term of more than thirteen months. The probation officer recommended that Mr. Perez-Hernandez receive a three-level downward adjustment to his offense level for acceptance of responsibility pursuant to USSG § 3E1.1. Mr. Perez-Hernandez's adjusted offense level was thus 21.

Mr. Perez-Hernandez was in criminal history category IV. His criminal history category was based on three criminal history points for each prior drug conviction and two points for having committed the instant offense while on probation from the drug convictions. The resulting guideline range was 57 to 71 months.

Mr. Perez-Hernandez made no objection to the sentencing recommendations in the presentence report, including the fact he was previously convicted for distribution and possession. Similarly, at the sentencing hearing, neither Mr. Perez-Hernandez nor his attorney objected to the factual statements in the presentence report concerning his prior conviction. On August 20, 2004, the district court adopted the findings of the presentence report and sentenced Mr.

Perez-Hernandez to 57 months of imprisonment and two years of supervised release.

## II. DISCUSSION

Mr. Perez-Hernandez timely filed his appeal, and, for the first time, challenges the continued viability of *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44 (1998), which held that the fact of a prior conviction is an exception to the rule that all facts which raise the maximum sentence must be submitted to a jury and proved beyond a reasonable doubt. As a result, he suggests *Almendarez-Torres* was wrongly decided, and that sentencing enhancements made on the basis of prior convictions must be authorized by a jury verdict or a defendant's admission.

In addition, Mr. Perez-Hernandez suggests that because the Guidelines are now advisory rather than mandatory, in the wake of *Booker*, he is entitled to a remand for resentencing on grounds that his previous sentence was imposed in violation of law under an unconstitutional interpretation of the Guidelines. Mr. Perez-Hernandez contends that this error amounts to plain error.

Mr. Perez-Hernandez acknowledges that because he has neither previously objected to the fact of his conviction nor previously raised any potential Sixth Amendment or non-constitutional *Booker* violation, we review the district court's sentence under the plain error standard set forth in *United States v. Olano*, 507

U.S. 725, 731, (1993). *See also* FED. R. CRIM. P. 52(b). Under the plain error

standard, an appellant must clear several hurdles:

> [T]he error must (1) be an actual error that was forfeited; (2) be plain
> or obvious; and (3) affect substantial rights, in other words, in most
> cases the error must be prejudicial, i.e., it must have affected the
> outcome of the trial. . . . Given plain error that affects substantial
> rights, an appellate court should exercise its discretion and notice
> such error where it either (a) results in the conviction of one actually
> innocent, or (b) seriously affects the fairness, integrity or public
> reputation of judicial proceedings.

*United States v. Keeling*, 235 F.3d 533, 538 (10th Cir. 2000) (internal quotation

marks and citations omitted).

### A. Sixth Amendment/*Almendarez-Torres* Claim

Although we acknowledge that *Almendarez-Torres* has been called into

question, it has not been overruled. In *Shepard v. United States*, 2005 WL

516494, *9 (U.S. Mar. 7, 2005), Justice Thomas, in a concurring opinion, noted

that:

> *Almendarez-Torres* . . . has been eroded by this Court's subsequent
> Sixth Amendment jurisprudence, and a majority of the Court now
> recognizes that *Almendarez-Torres* was wrongly decided. . . . The
> parties do not request it here, but in an appropriate case, this Court
> should consider *Almendarez-Torres'* continuing viability.
> Innumerable criminal defendants have been unconstitutionally
> sentenced under the flawed rule of *Almendarez-Torres*, despite the
> fundamental "imperative that the Court maintain absolute fidelity to
> the protections of the individual afforded by the notice, trial by jury,
> and beyond-a-reasonable-doubt requirements." *Harris v. United
> States*, 536 U.S. 545, 581-582, (2002) (Thomas, J., dissenting).

2005 WL 516494, *9 (U.S. Mar. 7, 2005) (Thomas, J., concurring in part).

Despite this admonition, "as an inferior federal court we have the responsibility to follow directly applicable Supreme Court decisions." *United States v. Ordaz,* 398 F.3d 236, 241 (3d Cir. 2005). "The holding in *Almendarez-Torres* remains binding law, and nothing in *Blakely* or *Booker* holds otherwise. Thus, because we are bound by *Almendarez-Torres*, we hold that the district court's determination regarding the facts of [Mr. Perez-Hernandez's] prior convictions did not violate the Sixth Amendment, notwithstanding that the sentences were based, in part, on facts found by a judge rather than a jury." *Id.*

Furthermore, the Supreme Court in *Blakely* unequivocally restated the proposition announced in *Apprendi,* 530 U.S. at 490: "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed . . . maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 124 S. Ct. at 2536 (emphasis added); *see also United States v. Cooper*, 375 F.3d 1041, 1052-53 n.3 (10th Cir.), *cert. denied*, 125 S. Ct. 634 (2004). Furthermore, in *Booker*, the Supreme Court reaffirmed the proposition that the fact of a prior conviction is an exception to factual jury submissions:

> [W]e reaffirm our holding in *Apprendi*: Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

125 S. Ct. at 756 (emphasis added). Thus, we reject Mr. Perez-Hernandez's argument that the decision in *Blakely* prohibits enhancement of his sentence for his prior conviction because a jury did not make a factual determination as to that conviction. No question of fact existed for a jury to decide. As to this issue, Mr. Perez-Hernandez cannot not show there was any error, much less plain error.

**B. Non-constitutional error**

Similarly Mr. Perez-Hernandez cannot establish that the sentencing court would have reached a different sentence had it known the guidelines were advisory and not mandatory. Although we have determined that such an error is "plain," under the first and second prongs of the *Olano* test, "the primary issue . . . is whether Mr. [Perez-Hernandez] can satisfy both the third and fourth prongs of plain-error review." *United States v. Gonzalez-Huerta,* 2005 WL 807008, *3 (10th Cir. 2005) (en banc). To satisfy the third prong of *Olano*'s plain error analysis, Mr. Perez-Hernandez retains the burden to show that his substantial rights were affected. *See id.* In addition, pursuant to the fourth prong, "we will not notice a non-constitutional error, such as the one in the case before us, unless it is both 'particularly egregious' and our failure to notice the error would result in a 'miscarriage of justice.'" *Id.*

As we held in *Gonzalez-Huerta*, where the defendant raised a similar challenge, here, Mr. Perez-Hernandez "fails to meet his burden to satisfy the

fourth prong of plain-error review." *Id.* at 8. In his reply brief on appeal, he offers little more than the assertion that "absent the constrictions of the Guidelines, the sentencing court would have been free to more fully consider Mr. Perez-Hernandez's circumstances and determine a reasonable sentence." Aplt's Reply Br. at 3. Without more, "we cannot hold, based upon the culmination of these factors, that the mandatory application of the Guidelines in this case–while error–is a particularly egregious one that would result in a miscarriage of justice or otherwise call the judiciary into disrepute unless we remanded." *Gonzalez-Huerta*, 2005 WL 807008, at \*9.

## III. CONCLUSION

For the reasons stated above, we AFFIRM Mr. Perez-Hernandez's conviction and sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge